1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  AYAH SARSOUR (Bar No. 340280)
   (E-Mail: Ayah_Sarsour@fd.org)
3  Deputy Federal Public Defender
   3801 University Avenue, Suite 700
4  Riverside, California 92501
   Telephone: (951) 276-6346
5  Facsimile: (951) 276-6368

6  Attorneys for Defendant
   JOSE MARGARITO PLIEGO-PINEDA

7

8

9           **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11              **EASTERN DIVISION**

12

13  UNITED STATES OF AMERICA,          Case No. 5:25-CR-00089-RGK

14          Plaintiff,                 **DEFENDANT'S MOTION IN
                                        LIMINE TO PRECLUDE THE
15      v.                             ADMISSION OF EVIDENCE OF
                                        MULTIPLE DEPORTATIONS AND
16  JOSE MARGARITO PLIEGO-PINEDA,      REENTRIES AND REQUIRE
                                        GOVERNMENT TO ELECT A
17          Defendant.                 DEPORTATION TO PROCEED
                                        WITH AT TRIAL**
18
                                        **Date: February 24, 2026
19                                      Time: 9:00 a.m.
                                        Honorable Judge: R. Gary Klausner**
20

21      Defendant Jose Margarito Pliego-Pineda ("Mr. Pliego-Pineda"), by and through

22  his counsel of record, Deputy Federal Public Defender Ayah Sarsour, hereby files his

23  motion in limine to preclude the unnecessary and prejudicial admission of evidence of

24  multiple deportations from and reentries to the United States.

25  ///

26  ///

27  ///

28  ///

                                        1

1    This motion in limine is based upon the attached memorandum of points and

2    authorities, the declaration of Ayah A. Sarsour, the attached exhibits, the files and

3    records in this case, and such further evidence and argument as the Court may permit.

4
                                        Respectfully submitted,
5
                                        CUAUHTEMOC ORTEGA
6                                       Federal Public Defender

7

8    DATED:  January 9, 2026          By   /s/ Ayah A. Sarsour
                                        AYAH A. SARSOUR
9                                       Deputy Federal Public Defender

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

The charge for which Mr. Pliego-Pineda will soon stand trial is not novel or complex: he has been charged with unlawful reentry to the United States in violation of 8 U.S.C. § 1326. In order to prove the charge at trial, the government must prove that Pliego-Pineda is not a citizen of the United States and that he returned to the United States without permission following deportation. In other words, the government can prevail at trial if it proves even only *a single return* to the United States following a single deportation. Despite the relative straightforwardness of the case, the government has indicated by way of Indictment that it intends to introduce at trial gratuitous and unfairly prejudicial evidence of Mr. Pliego-Pineda's *multiple deportations* from and reentries to the United States. Dkt. 23.

There is no reason to risk the integrity of a jury trial when the issue is so easily avoided. Mr. Pliego-Pineda respectfully requests that the Court preclude the admission of evidence related to multiple deportations and reentries and instruct the government to elect a deportation to proceed with at trial. This would both ensure the fairness of the trial and would avoid the presentation of evidence that would result in wasting time and undue delay.

# II. ARGUMENT

## A.    Introduction of Evidence of Multiple Deportations is Unnecessary and Would Result in Impermissible Prejudice to Mr. Pliego-Pineda.

Mr. Pliego-Pineda is charged with being found in the United States after removal in violation of 8 U.S.C. § 1326(a), (b)(2). The Indictment alleges that he was previously removed on or about June 3, 1991, August 7, 1998, and November 3, 2007, and was later found in Riverside County within the Central District of California on or about November 26, 2023. Dkt. 23. To sustain a conviction, the government need prove only a single prior removal and a subsequent knowing and voluntary presence in the United States without permission. *See* 8 U.S.C. § 1326(a). Evidence of multiple prior removals is therefore cumulative and unnecessary.

1    The admission of multiple deportations carries a substantial risk of unfair prejudice

2    that substantially outweighs any marginal probative value. Fed. R. Evid. 403. Repeated

3    references to prior removals invite the jury to draw impermissible propensity inferences

4    and to view the defendant as a serial violator of immigration law, rather than focusing on

5    the narrow elements of the charged offense.

6    In *United States v. Estrella-Yuan*, 437 F. App'x 555 (9th Cir. 2011) (unpublished),

7    the Ninth Circuit again addressed the issue of the government introducing evidence of

8    multiple entries and deportations in a trial for illegal reentry. At trial, the government

9    offered evidence from *several* prior reentries and deportations ostensibly to support the

10   inference that he had entered the United States in July 2009 knowingly and voluntarily.

11   *Id*. at 557. However, and as the Ninth Circuit noted, the government did not need to rely

12   on these prior offenses to establish the knowing and voluntary element of the charged

13   offenses, nor was the evidence necessary to prove alienage. *Id*. "Accordingly," the Ninth

14   Circuit held, "the large number of additional reentries and deportations increased the risk

15   of unfair prejudice to the defendant, and was of little probative value to the government's

16   case." *Id*.

17   Although the government may, in limited circumstances, introduce evidence of

18   more than one deportation to hedge against the risk that the jury might reject proof of a

19   particular removal, that principle applies only when the evidence of each deportation is

20   materially dissimilar and independently necessary. *See United States v. Martinez-*

21   *Rodriguez*, 472 F.3d 1087, 1089 to 92 (9th Cir. 2007) (permitting evidence of two

22   deportations where the proof was dissimilar and served to hedge evidentiary risk). In

23   *Martinez-Rodriguez*, the Ninth Circuit declined to find error where the district court

24   permitted the government to introduce evidence of two separate deportations. Critical to

25   the Ninth Circuit's analysis, however, was the fact that the evidence of each deportation

26   was dissimilar; to prove one removal, the government offered a warrant of deportation

27   that did not contain a photo of the defendant, and to prove the other removal the

28   government offered a different warrant of deportation with a photo as well as the

4

1  eyewitness testimony of the agent who executed the warrant of deportation. Thus, the

2  Ninth Circuit held that "because the evidence of each deportation was dissimilar, the

3  government was entitled to introduce evidence of both deportations to hedge the risk that

4  the jury may reject the offered proof of one deportation, but not the other. Id. at 1089

5  (emphasis added). *See also Moreno United States v. Moreno-Lopez*, 674 F. App'x 639,

6  642 (9th Cir. 2017) (unpublished) (declining to find the district court abused its discretion

7  where it permitted the government to offer documentary proof of one removal and live

8  witness testimony of another removal in order to prove the alienage element of Section

9  1326).

10       Here, where the government can establish the removal element through a single

11  certified record or witness, additional deportations provide no meaningful incremental

12  probative value and instead function as unfair piling on, which is the exact type of

13  cumulative and prejudicial evidence that the Federal Rules of Evidence preclude. Fed. R.

14  Evid. 403.

15       The Ninth Circuit's treatment of repetitive proof of prior convictions is instructive.

16  Courts must exercise heightened caution to avoid unnecessary prejudice once the

17  government has satisfied its burden on an element requiring only one qualifying act. *See*

18  *Old Chief v. United States*, 519 U.S. 172, 180 to 92 (1997); *United States v. Weiland*,

19  420 F.3d 1062, 1078 (9th Cir. 2005) (explaining that additional substantially similar

20  evidence adds little probative value and increases the danger of unfair prejudice).

21  Arguably, the same logic applies to multiple deportations in a § 1326 prosecution.

22       Here, the government may elect a single deportation to prove the charged offense.

23  Allowing evidence of multiple deportations would unnecessarily heighten the risk that

24  the jury will decide the case based on emotion, character judgments, or perceived

25  recidivism rather than the statutory elements. Because any incremental probative value

26  is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

27  and needless presentation of cumulative evidence, the Court should exclude evidence of

28

1    multiple deportations pursuant to Federal Rule of Evidence 403 and require the

2    government to proceed on one deportation only.

3

4                                        **III. CONCLUSION**

5          For the foregoing reasons, Mr. Pliego-Pineda respectfully requests that the Court

6    preclude the unnecessary and prejudicial admission of evidence of Pliego-Pineda's

7    multiple deportations from and reentries to the United States.

8

9                                                      Respectfully submitted,

10                                                     CUAUHTEMOC ORTEGA
                                                       Federal Public Defender
11

12
       DATED:  January 9, 2026          By  */s/ Ayah A. Sarsour*
13                                                     AYAH A. SARSOUR
                                                       Deputy Federal Public Defender
14

15

16

17                              <u>**CERTIFICATE OF COMPLIANCE**</u>

18          I, Ayah A. Sarsour, counsel of record for Mr. Jose Margarito Pliego-Pineda,

19    certify that this brief contains 1350 words, which complies with the world limit of L.R.

20    11-6.1.

21

22    DATED: January 9, 2026             By  */s/ Ayah A. Sarsour*
23                                                     AYAH A. SARSOUR
                                                       Deputy Federal Public Defender
24

25

26

27

28

                                                  6