CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Ayah A. Sarsour (Bar No. 340280)
(E-Mail: ayah_sarsour@fd.org)
Deputy Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
JOSE MARGARITO PLIEGO-PINEDA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. ED 5:25-cr-00089-RGK |
| Plaintiff, | |
| v. | **CASE STATUS UPDATE** |
| JOSE MARGARITO PLIEGO-PINEDA, | **Date: February 24, 2026**<br>**Time: 9:00 a.m.**<br>**Honorable Judge: R. Gary Klausner** |
| Defendant. | |

Defendant Jose Margarito Pliego-Pineda ("Mr. Pliego-Pineda"), by and through his counsel of record, Deputy Federal Public Defender Ayah Sarsour, hereby files a Case Status Update for the Court regarding inability to comply with the Honorable Judge R. Gary Klausner's standing order.

///

///

///

///

# I. BACKGROUND

This matter is set for jury trial on February 24, 2026. On January 22, 2026, the Defense formally rejected the Government's plea offer. On January 24, 2026, counsel for the United States informed the Court that the parties intended to proceed to trial. Pursuant to the Court's Order For Jury Trial ("Standing Order") governing jury trial preparation, the following deadlines applied:

- The Memoranda of Contentions of Fact and Law, Witness List and Exhibit List are due twenty-one (21) days before the Final Pre-Trial Conference.
- Plaintiff to serve proposed jury instructions and verdict forms on the Defendant by January 20, 2026.
- Defense to serve objections and additional proposed instructions on the Government by January 27, 2026.
- Plaintiff to serve objections to Defendant's proposed instructions by February 3, 2026.
- Counsel to meet and confer regarding jury instructions by February 3, 2026.
- Joint set of agreed jury instructions to be filed by February 8, 2026.
- Disputed jury instructions with points and authorities to be filed by February 8, 2026.

United States District Court for the Central District of California, *Order For Jury Trial* (Hon. R. Gary Klausner, U.S. Dist. J., updated June 2022), https://apps.cacd.uscourts.gov/JpsApi/file/b602e158-ce3e-4923-abad-4742c3ab3328.

The Court's Standing Order further requires that counsel meet no later than ten days before trial, February 14, 2026, to stipulate to foundation, waiver of the best evidence rule, and exhibits to be admitted at the start of trial. The Court's Standing Order expressly states:

> Strict adherence to time requirements is necessary for the Court
> to examine the submissions in advance so that there will be no
> delay in starting the jury trial. Failure of counsel to strictly

2

follow the provisions of this section may subject the non-complying party and/or its attorney to sanctions.

*Klausner Order For Jury Trial* (C.D. Cal. updated June 2022).

## II. CURRENT CASE STATUS

The Government did not comply with the January 20, 2026, deadline to serve its proposed jury instructions and verdict forms as required by the Court's Standing Order. As that deadline passed without receipt of the Government's submissions, Defense counsel-initiated efforts to move the process forward and ensure compliance with the Court's schedule.

On February 3, 2026, Defense counsel emailed all listed counsel for the Government requesting a meeting and confer regarding jury instructions in accordance with the Court's Standing Order. Government counsel responded on February 9, 2026, indicating availability. Counsel ultimately met and conferred on February 10, 2026. During that conference, Government counsel represented that the proposed jury instructions were still being prepared and were not yet finalized. Government counsel was aware that the Defense intends to request a statute of limitations jury instruction.

During the same discussion, Defense counsel requested the Government's finalized exhibit list, witness list, and trial brief so that the parties could begin addressing admissibility, foundation, and potential stipulations in advance of trial. Government counsel advised that those materials had not yet been prepared. The Government continues to produce discovery and has not finalized its witness list or exhibit list. Without those materials, the Defense cannot meaningfully evaluate evidentiary issues or engage in the stipulation process required by the Court's Standing Order.

On February 11, 2026, the parties conferred again, and at the request of the Government, Defense counsel agreed to propose a reasonable timeline for pre-trial filings and disclosures. Defense counsel provided the Government with a reasonable timeline for pre-trial filings to include disclosure of Jury Instructions, Witness list, Exhibit list, and Trial Brief. However, Government counsel only agreed to a timeline to disclose the

proposed jury instructions.  Despite Defense counsel's best efforts, Mr. Pliego-Pineda is unable to prepare for trial without these basic disclosures.  As of this filing, the Government has not provided notice of any witnesses or exhibits it intends to use at trial.  Rather, on February 12, 2026, the Government's stated position is that it does not need to provide timely notice as it believes this Court does not require early disclosure of a witness list or exhibit list.  This is contrary to the Court's order and serves only to prejudice Mr. Pliego-Pineda.

Specifically, counsel are required to meet no later than February 14, 2026, to stipulate to foundation, waiver of the best evidence rule, and exhibits that may be admitted at the outset of trial. In the absence of a finalized witness list and exhibit list, compliance with that requirement is not possible. Throughout this process, the Defense has acted diligently and in good faith to comply with all applicable deadlines and to prompt Government compliance with the Court's Standing Order.  This purposeful delay by the Government prejudices Mr. Pliego-Pineda as he is unable to prepare for trial.  As of the date of this filing, there are 12 days remaining until trial.

### III. REQUEST FOR RELIEF

The Government's failure to comply with the Court's Standing Order has materially impeded the Defense's ability to satisfy its own obligations and has undermined orderly trial preparation and will only prejudice Mr. Pliego-Pineda. The deadlines set by the Court are structured to ensure that jury instructions are reviewed in advance, evidentiary issues are narrowed, and the trial proceeds without delay. When one party does not meet those deadlines, the resulting uncertainty prevents the opposing party from meaningfully preparing and risks unnecessary disruption to the Court's calendar.

The Court's Standing Order expressly provides that strict adherence to its time requirements is necessary to avoid delay.. In light of the Government's missed deadlines and continued failure to produce finalized trial materials, the Defense respectfully requests that the Court impose appropriate remedies to address the noncompliance and to ensure future adherence to the Court's Order.  Mr. Pliego-Pineda specifically requests

4

this Court dismiss the indictment.[1]  In the alternative, Mr. Pliego-Pineda requests this

Court exclude any undisclosed Government witnesses and exhibits from trial.  Lastly,

Mr. Pliego-Pineda requests that the Court grant the jury instruction listed in Exhibit A.[2]

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  February 12, 2026          By  */s/ Ayah A. Sarsour*

AYAH A. SARSOUR
Deputy Federal Public Defender
Attorney for MR. PLIEGO-PINEDA

---

[1] Mr. Pliego-Pineda previously requested this Court dismiss the indictment with prejudice in his Motion To Dismiss Indictment Pursuant To Fed. R. Crim. P. 12(B) (Statute Of Limitations).  *See* ECF 39.

[2] Mr. Pliego-Pineda requests this Court consider this Status Report and the attached Exhibit A when deciding his Motion To Dismiss Indictment Pursuant To Fed. R. Crim. P. 12(B) (Statute Of Limitations).  *See* ECF 39.