1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  CHAD PENNINGTON (Bar No. 354831)
   (E-Mail: Chad_Pennington@fd.org)
3  AYAH SARSOUR (Bar No. 340280)
   (E-Mail: Ayah_Sarsour@fd.org)
4  MITCHELL M. SULIMAN (Bar No. 301879)
   Deputy Federal Public Defender
5  (E-Mail: Mitchell_Suliman@fd.org)
   Deputy Federal Public Defender
6  3801 University Avenue, Suite 700
   Riverside, California 92501
7  Telephone: (951) 276-6346
   Facsimile: (951) 276-6368
8
   Attorneys for Defendant
9  JOSE MARGARITO PLIEGO-PINEDA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:25-CR-00089-RGK |
| Plaintiff, | |
| v. | **EMERGENCY MOTION FOR RELEASE FROM IMMIGRATION CUSTODY OR OTHER REMEDIES** |
| JOSE MARGARITO PLIEGO-PINEDA, | |
| Defendant. | |

Defendant Jose Margarito Pliego-Pineda ("Mr. Pliego-Pineda"), by and through counsel of record, Deputy Federal Public Defenders Chad Pennington, Ayah Sarsour, and Mitchell M. Suliman, respectfully moves for an emergency order directing Mr. Pliego-Pineda's immediate release from federal custody or a dismissal of the matter with prejudice. As set forth below, effective this morning, the government placed Mr. Pliego-Pineda into immigration custody on the eve of trial in violation of the Magistrate Judge's release order in this proceeding and in contravention of the United States Constitution. Mr. Pliego-Pineda maintains his right to be present at trial in person under the Constitution and Federal Rule of Criminal Procedure 43.

# I. BACKGROUND

This matter is set for an imminent jury trial setting on February 24, 2026 – three days from today. The parties are far past the motions deadline. In preparation for trial, defense counsel had scheduled multiple trial preparation sessions with Mr. Pliego-Pineda, interpreter sessions to facilitate communication, and final sessions to review discovery, discuss potential testimony, prepare for cross-examination of government witnesses, and finalize trial strategy. This final trial preparation is a continuation of the defense's long-standing and timely trial preparations. That preparation is lost, or at the very least imperiled, because the government, effective today, placed Mr. Pliego-Pineda into immigration custody for the expressed purpose of his expedited removal from the United States. The defense received no advance notice from the government that it intended to place Mr. Pliego-Pineda into immigration custody, and as noted in the attached declaration, the arresting federal agents were aware of the impending trial date.

With Mr. Pliego-Pineda's placement into immigration custody, the defense team has no knowledge of his current location; it has no means of communicating with him, and it cannot engage in rudimentary trial preparations with Mr. Pliego-Pineda. In effect, the defense cannot prepare for trial on the eve of trial.

As noted above, Mr. Pliego-Pineda has not waived, nor will waive, his appearance rights under Federal Rule of Criminal Procedure 43. He expects to be present at the February 24, 2026, trial. He asks that the Court order his immediate release from federal custody or dismiss this matter with prejudice.

***

On the morning of Saturday, February 21, 2026, at approximately 8:56 a.m., defense counsel Ayah Sarsour received an urgent call from Mr. Pliego-Pineda's family informing her that federal agents took Mr. Pliego-Pineda into immigration custody that morning following a vehicle stop in San Jacinto, California. Family members reported that several agents stopped the vehicle, approached both sides, asked Mr. Pliego-Pineda to identify himself in Spanish, and immediately detained him while he was seated in the

passenger seat. When family members asked whether agents had a warrant, agents stated that they did but did not provide any paperwork before removing Mr. Pliego-Pineda from the scene. Consistent with the sworn attached declaration, multiple agents and several SUVs were present, ICE agents acknowledged awareness of Mr. Pliego-Pineda's upcoming February 24, 2026, criminal trial, but proceeded with his arrest and detention, and he was transported to an immigration detention facility that remains unknown. *See* Decl. of Marina Morales Santiago ¶¶ 3–11 (Feb. 21, 2026) (on file with the Court, filed simultaneously).

Shortly thereafter, family members received a brief telephone call from a detention facility number. During that call, Mr. Pliego-Pineda was only able to convey that he had been arrested by ICE and that federal authorities were attempting to expedite his removal from the United States. *See generally id.* ¶¶ 12–14 (Feb. 21, 2026). Mr. Pliego-Pineda indicated to his family that he had not signed paperwork consenting to removal, before the call was disconnected. *See generally id.* Subsequent attempts to determine his location were unsuccessful.

With Mr. Pliego-Pineda's federal custody on the eve of trial, defense counsel is now unable to communicate with him, prepare him for testimony, or review evidence with him; he in turn has been deprived of an opportunity to meaningfully participate in trial preparation or consult with his defense team.

Mr. Pliego-Pineda has been released pretrial for nearly a year in this matter. The government's elective decision to place him into federal, immigration custody now has invaded the heartland of Mr. Pliego-Pineda's constitutional fair trial rights --- the right to counsel and to participate in his defense. And it bears repeating, the government made the elective decision to place him in immigration custody on the eve of trial despite arresting agents' awareness of the upcoming trial date. *See generally id.* The government's interference has directly disrupted scheduled trial preparation sessions and has prevented counsel from fulfilling their constitutional obligation to provide effective assistance of counsel.

3

Moreover, in addition to invading Mr. Pliego-Pineda's trial rights, the government's wholly elective decision to place him into federal custody now was accomplished without regard to this Court's scheduling orders and trial calendar. The decision to place him into immigration custody now not only engenders judicial inefficiency but constitutes an abuse of this Court's scheduling orders specifically and the criminal process generally.

Mr. Pliego-Pineda maintains his innocence and looks forward to his trial day in court. The Court should further consider the scope of any remedy based not only on the government's conduct in violating the pretrial release order, but additionally when it occurred, on the eve of trial. Should Mr. Pliego-Pineda not be present for trial, the government's abuse of the criminal process should be considered as a basis for his request for dismissal with prejudice.

## II. LEGAL STANDARD

In *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015), the Ninth Circuit Court of Appeals reasoned that having elected to criminally prosecute a noncitizen who has been released on bail, the government may not use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act. *See also United States v. Rangel*, 318 F. Supp. 3d 1212, 1217 (E.D. Wash. 2018) (district court reasoning that "pretrial detention violates [the defendant's] rights under the B[ail Reform Act], which requires the executive to elect removal in lieu of criminal prosecution or defer removal until after trial and sentencing are complete."); *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1176 (D. Or. 2012) ("ICE does not . . . have the authority to detain [the defendant] for the purpose of avoiding the pretrial release provisions of the B[ail Reform Act].") (cited with approval in *Santos-Flores*). And, more importantly, "[i]f the government, by placing [a non-citizen] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *Santos-Flores*, 794 F.3d at 1092. Accordingly, "*Santos-Flores* endorses a [district court's] exercise of its inherent

authority, in a situation in which the [g]overnment has chosen to engage in both removal proceedings and criminal proceedings against a noncitizen defendant, to craft an appropriate remedy, such as dismissing the indictment." *United States v. Zambrano*, 23-CR-524-DMG-5, ECF No. 663, p. 4 (C.D. Cal. Feb. 5, 2026) (internal citation omitted). Indeed, the overwhelming majority of cases provide that the "Executive Branch must choose between taking noncitizen[s] into custody for the purpose of removing and deporting that individual or temporarily declining to do so while criminal proceedings are maintained against that person." *Id.*; *see also United States v. Parias*, No. CR 25-00904-FMO, 2025 WL 3749406 (C.D. Cal. Dec. 27, 2025) (authorizing dismissal with prejudice of an indictment where the defendant's placement into immigration custody impaired his trial preparation rights). The Court here should order Mr. Pliedo-Pineda's immediate release from immigration custody or dismiss this matter with prejudice.

Indeed, district courts have routinely imposed dismissal with prejudice where immigration custody prevented communication with counsel, interfered with trial preparation, or removed the defendant from the court's jurisdiction. *See United States v. Lutz*, 2019 WL 5892827 (D. Ariz. Nov. 12, 2019); *United States v. Boutin*, 269 F. Supp. 3d 24, 27–29 (E.D.N.Y. 2017*)* (giving the government the choice between releasing the defendant from immigration custody or having the indictment dismissed with prejudice where it was clear to the court that the government was "well aware that the defendant would be taken into ICE custody once he met the bail conditions" and the Court was "powerless to affect any immigration proceedings.").

To that end, where, as here, a defendant has been ordered released under the Bail Reform Act following a detention hearing, the government may elect to proceed with immigration enforcement or criminal prosecution, but it may not do both in a manner that subverts a judicial release order in the criminal proceeding or undermines the defendant's criminal trial rights. Applying *Santos-Flores,* the black letter law in this Circuit is when the government prioritizes removal, it may abandon the criminal

prosecution; however, if it chooses to pursue the criminal case, it must honor the release order and permit the defendant to participate in the proceedings. 794 F.3d at 1091.

In light of *Santos-Flores* and the numerous district court decisions applying it, the government may not use immigration detention to circumvent a judicial release order *or* impair the defendant's ability to prepare for trial. Any remedy short of enforcing the Bail Reform Act and the Court's release order would permit the government to disregard controlling authority and numerous court directives, including this Court's scheduling order.

## III. ARGUMENT

### A.   ICE's Detention Subverts the Court's Pretrial Release Order

Instead of seeking review under 18 U.S.C. § 3145 or moving for reconsideration of pretrial release, the government placed Mr. Pliego-Pineda into immigration custody days before trial. This action nullifies the Court's release order without judicial review.

In this case, a United States Magistrate Judge determined under the Bail Reform Act that Mr. Pliego-Pineda could remain at liberty pending trial. That determination reflects a judicial finding that detention was not warranted to assure appearance or protect the community. The release order additionally protects Mr. Pliego-Pineda's trial rights. For example, the release order, critically, allows Mr. Pliego-Pineda to freely and without interference, communicate with counsel during the essential period preceding the trial setting. The government's wholly elective decision to place him into immigration custody has now deprived him of his right to counsel. Indeed, Mr. Pliego-Pineda was released hours ago. His placement into immigration custody renders him subject to far greater restrictions on his liberty and consequently access to counsel and capacity to prepare for trial, than he was a mere few hours ago. Indeed, a few hours ago, the defense team knew where the Client resided; now, it does not know his physical location.

**B.    The government's placement of Mr. Pliego-Pineda into custody on the eve of trial interferes with his trial rights and preparations.**

The government's placement of Mr. Pliego-Pineda into immigration custody three days before trial, and one business day before trial, is a targeted disruption of his right to trial. He has been released for nearly a year pretrial in this proceeding. The defense has spent considerable effort preparing for this trial with the expectation Mr. Pliego-Pineda would remain released pretrial consistent with the Magistrate Judge's pretrial release order. Instead, on a weekend, days before trial, the government proceeded with a hasty placement of Mr. Pliego-Pineda into immigration custody and beyond a reasonable ability to competently prepare for trial with counsel. Defense received no notice of any kind that the government, now, would take him into immigration custody.

As a result, defense counsel cannot meet with him, review discovery, prepare testimony, or finalize strategy. Courts consistently recognize that immigration detention that prevents meaningful consultation with counsel threatens both due process and the right to effective assistance of counsel, warranting dismissal with prejudice. *Santos-Flores*, 794 F.3d at 1091; *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180. Indeed, two Courts within this District have concluded dismissal with prejudice is the only just and appropriate sanction for the government's interference to the criminal proceeding and its abusive practice of subjecting a criminal defendant to a detention hearing too only later place that person into immigration custody during the critical stages of trial preparation. *See Zambrano*, 23-CR-524-DMG-5, ECF No. 663, p. 4; *see also Parias*, No. CR 25-00904-FMO, 2025 WL 3749406.

**C.    If not released now, dismissal with prejudice is the appropriate remedy**

If Mr. Pliego-Pineda is not released forthwith from federal custody, no other remedy suffices. The government's conduct here should be carefully scrutinized by the Court. It placed Mr. Pliego-Pineda into immigration custody days before trial, almost a year after he has been released without notice. Indeed, as set forth in the attached declaration, the arresting government agents were plainly aware of Mr. Pliego-Pineda's

Tuesday trial. The government has thus not only violated the pretrial release order, but it violated the release order and the very time and for the very purpose for which the release order exists – so that Mr. Pliego-Pineda may receive a fair trial and participate in his defense without unneeded restrictions to his liberty. Mr. Pliego- Pineda must not be subject to greater restrictions on his trial preparations in this proceeding than a Magistrate Judge has already concluded he cannot be subjected to. The government agents proceeded with arrest knowing of the trial date. The government cannot receive the benefit of the very disruption it provoked.

If not released, a lesser remedy, dismissal without prejudice, permits the government to benefit from its conduct and refile later. The prejudice is immediate and irreparable: trial preparation has been disrupted, counsel cannot communicate with the client, and removal remains imminent. The government's conduct at issue here should concern the Court because it strikes at the core of the constitutional structure. A criminal prosecution cannot be reconciled with knowing actions of government actors that prevent the accused from speaking with counsel, preparing for trial, and exercising the right to have a jury decide his case. The integrity of the proceeding depends on those guarantees being real, not theoretical. If not released, only dismissal with prejudice vindicates those tangible and indispensable rights.

Dismissal with prejudice is a severe sanction and warranted where the government conduct, such as the extreme government conduct here, undermines the integrity of the proceedings or renders the defendant unable to participate in his defense. *See United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008). Courts have emphasized that dismissal without prejudice allows the government to benefit from its own misconduct and fails to cure the constitutional harm. *Boutin*, 269 F. Supp. 3d at 29; *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180. They have also noted that dismissal without prejudice would essentially allow the government to have it both ways and would frustrate the purpose of the dismissal "to force the Government to make a choice." *Boutin*, 269 F. Supp. 3d at 29; *see also Trujillo-Alvarez*, 900 F. Supp. 2d at 1180 (ruling the Court would dismiss the

pending charges with prejudice if the defendant was not released because trial was scheduled *the next month* (not days before like here)). The Court here too should avoid that incongruity and order release now or dismissal with prejudice. The government's eleventh-hour immigration arrest should foreclose future prosecution against Mr. Pliego-Pineda.[1]

## IV. CONCLUSION

Mr. Pliego-Pineda urges the Court to order his release from immigration custody forthwith or dismiss this matter with prejudice as a sanction for the government's placement of him into immigration custody, impairing his right to a fair trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 21, 2026       By  */s/ Chad Pennington*
CHAD PENNINGTON
AYAH A. SARSOUR
MITCHELL M. SULIMAN
Attorneys for MR. PLIEGO-PINEDA

## CERTIFICATE OF COMPLIANCE

I, Chad Pennington, counsel of record for the defendant, certify that this filing complies with the requirement of L.R. 11-6.1. The defense has conferred with the government and provided the government notice of the instant motion on the morning of February 21, 2026, pursuant to the Local Rules.

---

[1] The executive branch in this matter is one whole, the government cannot evade responsibility here because of the conduct of ICE agents. It is axiomatic, as with its discovery obligations, the responsibility "of the Justice Department cannot be evaded by claiming lack of control over the files or procedures of other executive branch agencies." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005) (citing *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir.1992)).