CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHAD PENNINGTON (Bar No. 354831)
(E-Mail: Chad_Pennington@fd.org)
AYAH SARSOUR (Bar No. 340280)
(E-Mail: Ayah_Sarsour@fd.org)
MITCHELL M. SULIMAN (Bar No. 301879)
Deputy Federal Public Defender
(E-Mail: Mitchell_Suliman@fd.org)
Deputy Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
JOSE MARGARITO PLIEGO-PINEDA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>JOSE MARGARITO PLIEGO-PINEDA,<br><br>      Defendant. | Case No. 5:25-CR-00089-RGK<br><br>**RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS *WITH PREJUDICE*** |

Defendant Jose Margarito Pliego-Pineda ("Mr. Pliego-Pineda"), by and through counsel of record, Deputy Federal Public Defenders Chad Pennington, Ayah Sarsour, and Mitchell M. Suliman, hereby file this response to the government's motion to dismiss with prejudice. *See* ECF No. 61.

## I. BACKGROUND

As noted in Mr. Pliego-Pineda's motion to for release, *see* ECF No. 60, on the morning of Saturday, February 21, 2026, at approximately 8:56 a.m., defense counsel Ayah Sarsour received an urgent call from Mr. Pliego-Pineda's family informing her that

1

federal agents had placed Mr. Pliego-Pineda into immigration custody that morning following a vehicle stop in San Jacinto, California. Family members reported that several federal agents had stopped his vehicle, approached both sides, asked Mr. Pliego-Pineda to identify himself in Spanish, and immediately detained him while he was seated in the passenger seat. When family members asked whether agents had a warrant, agents stated that they did, however, the agents refused to provide any paperwork before removing Mr. Pliego-Pineda from the scene. Multiple agents and several SUVs were present, ICE agents acknowledged awareness of Mr. Pliego-Pineda's upcoming February 24, 2026, criminal trial, but proceeded with his arrest and detention nonetheless, where he was transported to an unknown immigration detention facility without documentation being provided. *See* Decl. of Marina Morales Santiago ¶¶ 3–11 (Feb. 21, 2026), ECF No. 60. *After* Mr. Pliego-Pineda filed his emergency motion for release from immigration custody, *see* ECF No. 60, the government confirmed that not only had Mr. Pliego-Pineda been arrested by ICE agents, but he had been rapidly removed from the United States to Mexico.

Three days before Mr. Pliego-Pineda's trial, within hours, the government arrested and removed a federal criminal defendant from the United States awaiting his trial. The government arrested and removed Mr. Pliego-Pineda within hours, although he had been released pretrial in this matter for *nearly a year*. The decision to remove Mr. Pliego-Pineda now and with such alacrity was a targeted deprivation of his trial rights. The government apprehended and removed Mr. Pliego-Pineda three days before his trial, so it did not have to try the very criminal matter it commenced.[1] The government's abuse of the criminal process could not be starker; the loss of Mr. Pliego-Pineda's trial rights could not be more evident. The government, again, removed Mr. Pliego-Pineda days before he was prepared to stand trial on the very charge and proceeding the government has brought.

---

[1] It is telling that the government refused to provide a witness list, exhibit list, or trial brief, despite repeated requests to do so by the undersigned.

2

1      Mr. Pliego-Pineda was a pillar of the Inland Empire community. The
2  government's treatment of him in this criminal proceeding was shameful. It arrested him,
3  subjected him to a detention hearing where he was released, had him suffer through a
4  year of anxiety awaiting his trial, and days before his opportunity to contest its false
5  factual narrative at trial, it arrested and removed him from the United States. The
6  government ended the very process it commenced the moment Mr. Pliego-Pineda was
7  about to have his chance to state his version of the truth.

8      On February 21, 2026, at 10:43 a.m., the defense indicated to government counsel
9  that federal agents had taken Mr. Pliego-Pineda into custody. At that time, Mr. Pliego-
10  Pineda requested, but has not yet received, the relevant information demonstrating when
11  government counsel became aware federal agents would apprehend Mr. Pliego-Pineda.
12  Mr. Pliego-Pineda also demanded the United States make all efforts to stop his removal
13  in anticipation of trial.

14      Accordingly, Mr. Pliego-Pineda asks that the Court proceed with a hearing on
15  Tuesday, February 24, 2026, to ascertain when it became known to government counsel
16  that federal agents would take Mr. Pliego-Pineda into custody and what steps the
17  government took *after* February 21, 2026, at 10:43 a.m. to prevent Mr. Pliego-Pineda's
18  removal on the eve of his criminal trial. In essence, the government should have to
19  explain the steps it engaged in, to secure Mr. Pliego-Pineda's trial rights knowing he had
20  been arrested, such as instructing federal agents to not remove him from the United
21  States. Mr. Pliego-Pineda also asks that the Court order the government's production of
22  that information forthwith or in advance of a hearing on Tuesday, February 24, 2026. Mr.
23  Pliego-Pineda also requests that the Court order the arresting federal ICE agents present
24  at the February 24, 2026, hearing (all ICE agents present and who participated in Mr.
25  Pliego-Pineda's immigration arrest), all ICE or any other federal or state law enforcement
26  summaries relating to Mr. Pliego-Pineda's arrest by federal agents, and the presence of
27  any ICE Los Angeles liaison coordinating with the United States Attorney's Office.

28

## II. LEGAL STANDARD

Dismissal with prejudice is a severe sanction and warranted where the government conduct, such as the extreme government conduct here, undermines the integrity of the proceedings or *renders the defendant unable to participate in his defense*. *See United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008) (emphasis added). As noted in Mr. Pliego-Pineda's motion for release from immigration custody, district courts have routinely imposed dismissal with prejudice where immigration custody prevented communication with counsel, interfered with trial preparation, or removed the defendant from the court's jurisdiction, like here. *See United States v. Lutz*, 2019 WL 5892827 (D. Ariz. Nov. 12, 2019).

## III. ARGUMENT

This case is redolent of an endemic recent pattern in this District. Criminal defendants are removed after a federal Magistrate Judge orders them released pretrial. This case is a continuation of that abusive practice. However, this case goes further in that Mr. Pliego-Pineda was *days* from his trial after nearly a year of pretrial release. The government's removal violated the Magistrate Judge's release order by removing Mr. Pliego-Pineda from this District and subverted this Court's trial deadlines and calendar. Instead of timely engaging in trial preparation, the government simply had the defendant arrested and removed within hours and days before his trial, without notice to the undersigned attorneys or to the Court. This conduct should be addressed by the Court. And the defense asks that Court set this matter for a February 24, 2026, hearing.

## IV. CONCLUSION

Mr. Pliego-Pineda urges the Court to dismiss this matter with prejudice as a sanction for the government's placement of him into immigration custody and his removal, impairing his right to a fair trial, only after conducting a hearing as set forth above regarding the government's knowledge of Mr. Pliego-Pineda's arrest and removal and what steps it took to ensure his appearance at the February 24, 2026, trial.

//

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 22, 2026

By  /s/ Chad Pennington
CHAD PENNINGTON
AYAH A. SARSOUR
MITCHELL M. SULIMAN
Attorneys for MR. PLIEGO-PINEDA